## HALL *v.* WORTMAN.

1. PROMISSORY NOTE—OWNERSHIP—QUESTION FOR JURY.
    The title to a note given to a husband as part of the purchase price of land which stood in the name of his wife, which note was indorsed by him shortly before his death, and left in her custody, was a fact to be determined by the jury, where there was some evidence that the purpose of the indorsement was merely to facilitate collection for the benefit of the husband's estate.

2. CHECK—PAYEE—PRESUMPTION.
    Where a check given for realty conveyed by husband and wife was made payable to the latter, the presumption is that it was understood to belong to her.

3. DEEDS—TITLE—HUSBAND AND WIFE—EVIDENCE.
    Where a widow, as administratrix of her husband's estate, was sought to be charged with the proceeds of notes received by decedent as part of the purchase price of certain lands, a deed of the lands from decedent to his wife was properly admitted in evidence, for the purpose of showing whose title was conveyed, although no proof had been offered that decedent, at the time of the grant to the wife, was himself invested with the title.

Error to Ionia; Davis, J.   Submitted January 30, 1900.
Decided March 13, 1900.

Julia E. Wortman filed her final account as administratrix of the estate of Wallace E. Rice, deceased.   From an order of the probate court charging her with certain items, she appealed to the circuit, where verdict was directed in her favor.   Arthur N. Hall, guardian of Fred and Clifford Rice, brings error.   Reversed.

*Vernon H. & H. H. Smith,* for appellant.

*R. A. Hawley,* for appellee.

MONTGOMERY, C. J.   This case involves an accounting by the administratrix of the estate of Wallace E. Rice, deceased.   The question involved is whether the administratrix (formerly Mrs. Rice, the wife of the intestate) should be charged with two notes given by one Potter, of Rocky Ford, Colo., to Mr. Rice in his lifetime, and also with the balance unexpended at the date of Mr. Rice's decease of a check given at the same time these notes were executed.   The case was tried before a jury, and at the close of the testimony a verdict in favor of the administratrix was directed.

It appears that the notes in question (for $375 each), and a check of $476.66, payable to the order of Mrs. Julia E. Rice, were given by Mr. Potter in payment for a house and lot in Rocky Ford, deeded to him by Julia E. Rice, confirmed by a deed made two or three days later by both Mr. and Mrs. Rice.   It further appears that, shortly before the death of Mr. Rice, he indorsed his name on the back of the two notes, and left them in the custody of Julia E. Rice.   Counsel for the administratrix concedes that the circumstances under which these indorsements were made do not show conclusively whether it was intended to make a present gift to Mrs. Rice, or whether, on the other hand, the intention was to facilitate collection

123 MICH.—20.

for the benefit of Mr. Rice's estate. It is insisted, however, that, as the evidence shows that the notes were part of the proceeds of the house and lot, which was held in the name of Mrs. Rice, it should be conclusively inferred that, in indorsing the notes, Mr. Rice simply turned over to Mrs. Rice her own. This is apparently the view adopted by the circuit judge. It cannot be denied that a strong inference in this direction is justifiable, but we think the inference is one to be drawn by the jury, particularly as the contestant gave some testimony tending to show a different understanding by the administratrix. As to the proceeds of the check, the question is quite different. As this was made payable to Mrs. Rice, the presumption would be that it was understood to be her money. As to the notes, we think it should have been left to the jury to say whether, in view of all the circumstances, it was intended, by having the notes made payable to the order of Mr. Rice, that the portion of the proceeds of the real estate represented by these notes should belong to him, and, if so, whether the indorsement was intended by him to vest title in Mrs. Rice.

It is contended, however, that there was error in admitting in evidence the deed of the house and lot from Wallace E. Rice to Julia E. Rice, for the reason that it did not appear that Wallace E. Rice had title. Counsel seem to have overlooked the fact that the question of title, as it affects the question in this case, is whether Wallace or Julia had the title which was conveyed to Potter. Clearly, a conveyance by Wallace to Julia would show that, at the date of such conveyance, she, as between the two, became vested with the title.

The circuit judge did not award costs to either party. We are disposed to take the same course. Judgment will be reversed, and a new trial ordered; each party to bear his own costs.

The other Justices concurred.